TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar Number 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Tamer.Botros@usdoj.gov

*Attorneys for the Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Jorge Luis Vilcapoma Ricardo,

Plaintiffs,

v.

Markwayne Mullin, *et al.*,

Defendants.

Case No. 2:26-cv-00950-~~JCM~~ CDS-NJK

**Order Granting Federal Defendants' UNOPPOSED Motion for Extension of Time to File a Response to Plaintiff's Complaint**
**SECOND REQUEST**

[ECF No. 23]

Federal Defendants, by and through undersigned AUSA, move this Court for an extension of time from October 2, 2026, up to and including **October 16, 2026**, in which to file a response to Plaintiff's Complaint (ECF No. 1-1). Because of the complexities and relative novelty of Plaintiff's allegations, additional time is necessary to finish coordinating with various agency components of the Department of Homeland Security to complete a response. This is Federal Defendants' second request for an extension of time to respond to Plaintiff's Complaint (ECF No. 1-1). This request is made in good faith and not for the purpose of any undue delay.

On October 1, 2026, Federal Defendants messaged Plaintiff's counsel about an extension to October 16, 2026. Plaintiff's counsel consented to the requested extension.

**<u>Memorandum of Points and Authorities</u>**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R.

Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned AUSA is acting diligently in coordinating with the various implicated components of the Department of Homeland Security regarding the claims and allegations in Plaintiff's complaint (ECF No. 1-1). However, because of the complexities of the analysis required to assess Plaintiff's allegations, additional time is needed to for the government to complete a response to the complaint. Without such additional time, a proper response to the complaint cannot be filed. For these reasons, and with the consent of Plaintiff's counsel, Federal Respondents respectfully request an extension to **October 16, 2026**, to file a response to Plaintiff's Complaint (ECF No. 1-1).

If this unopposed motion for an extension of time is granted, the deadline to respond to Plaintiff's Complaint (ECF No. 1-1) will be **October 16, 2026**. Given Federal Defendants' diligence, good cause exists for the extension.

Federal Defendants, therefore, respectfully request that the Court grant this motion.

Respectfully submitted this 1st day of October 2026.

TODD BLANCHE
United States Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney

**IT IS SO ORDERED:**

United States District Judge
Dated: October 2, 2026